# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 12, 2013

Lyle W. Cayce
Clerk

No. 10-20228

CHESTER INGRAM

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3366

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant Chester Ingram was convicted of aggravated
kidnapping under Texas law based on the rape of Barbara Smith. After his
direct appeals failed, Ingram initiated state habeas proceedings. The primary
issue in those proceedings was whether the prosecutor violated Ingram's rights
under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence
relating to two extramarital affairs that Smith engaged in five and eight years

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-20228

prior to the sexual assault by Ingram. After holding several evidentiary hearings on the issue, the state habeas court recommended that relief be denied. On September 10, 2008, the Texas Court of Criminal Appeals issued an order denying relief without a written opinion.

On November 10, 2008, Ingram, proceeding pro se, filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Southern District of Texas, asserting multiple bases for relief. Defendant Rick Thaler, the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice, moved for summary judgment. The district judge granted Thaler's summary judgment motion in a thorough and well-reasoned eighty-page opinion. Ingram filed a timely notice of appeal and a motion for a certificate of appealability. Our court granted a certificate of appealability as to Ingram's claims that: (1) "his right to present a complete defense was violated by the exclusion of evidence of the complainant's previous extramarital affairs," (2) "the prosecution used improper methods to secure his conviction," (3) "the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence favorable to the defense," and (4) the district court erred by denying Ingram an evidentiary hearing. Ingram filed a pro se brief and Thaler filed a response.

On December 12, 2011, this court sua sponte appointed counsel for Ingram and requested new briefing. In his new brief, Ingram abandoned his arguments that prosecutorial misconduct, the inability to present a complete defense, and the failure to grant an evidentiary hearing provide independent bases for habeas relief. Instead, Ingram focused on the argument that the prosecutor's failure to disclose evidence of Smith's extramarital affairs violated his rights under *Brady* and the state court's decision concluding otherwise was an "unreasonable application" of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "prohibits federal habeas relief for any claim adjudicated on the merits in state

court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). "Under § 2254(d), a federal court may not grant habeas relief on such claims unless the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Cobb v. Thaler*, 682 F.3d 364, 372–73 (5th Cir. 2012) (internal quotation marks omitted). A state court's decision is deemed an "unreasonable" application of Supreme Court precedent for purposes of AEDPA when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (internal quotation marks omitted). The state court's application of Supreme Court case law "must be objectively unreasonable, not merely erroneous or incorrect." *Cobb*, 682 F.3d at 373 (internal quotation marks omitted). A state court's determination that a claim lacks merit is not objectively unreasonable "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (internal quotation marks omitted); *see also Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011) ("AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." (internal quotation marks omitted)).

After careful review of the parties' arguments, the applicable law, and the pertinent portions of the record, we agree with the district court's conclusions that Ingram's *Brady* claim fails under the standard set forth by AEDPA and that Thaler was entitled to summary judgment. To establish a *Brady* claim, one must show that: "(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material." *LaCaze v. Warden La. Corr. Inst. for Women*, 645 F.3d 728, 735 (5th Cir. 2011). Evidence is

material for purposes of *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Cobb*, 682 F.3d at 378. When the test for *Brady* materiality is combined with the AEDPA standard of review, the question in this case becomes whether reasonable jurists could disagree about the correctness of the state court's decision that disclosure of the evidence of Smith's affairs would not have created a reasonable probability of a different result at trial. *See Harrington*, 131 S. Ct. at 786. For the reasons explained in the district court's thorough opinion, the answer to that question is clearly "yes." Accordingly, the judgment is AFFIRMED, essentially for the reasons stated by the district court. Ingram's motion to file an out of time pro se reply brief is DENIED.